■ VINCENT BUBACZ, Respondent, v. LEONARD HORKA, Appellant.— Appeal by the defendant in a negligence action from a judgment of the County Court of Chemung County rendered upon the verdict of a jury. Plaintiff went to defendant's premises on a personal errand. Defendant requested him to saw a limb from a tree and, after twice declining, plaintiff acceded to the request and defendant obtained a saw and a ladder which he placed against the limb, which was about 6 inches thick and some 15 feet above the ground. Plaintiff mounted the ladder and began to saw while defendant held the limb, apparently so as to guide its fall away from a fence. The saw was pinched by the green wood and plaintiff asked defendant to pull on the limb to relieve the pinching, or as plaintiff said, " to tilt it " but instead, according to plaintiff's testimony, defendant " yanked it and it snapped off and it jarred me off the limb and that's when I landed on the ground." There is dispute as to plaintiff's status — whether that of licensee or of invitee. Plaintiff requested the charge that if defendant " committed a positive, affirmative act of negligence that there is a duty of reasonable care even to licensees ". (See *Guenzberg* v. *Heyman,* 5 A D 2d 766, motion for leave to appeal denied 4 N Y 2d 676.) The court declined so to charge but the jury could find, upon the evidence and under the court's charge, that plaintiff's status changed from that of licensee to that of invitee. *Bernal* v. *Baptist Fresh Air Home Soc.* (275 App. Div. 88, affd. 300 N. Y. 486) is closely in point and, indeed, the facts in that case in support of a change to invitee status seem less compelling than here. In this case there was more than the trivial and casual accommodation accorded as a social amenity in *Wilder* v. *Ayers* (2 A D 2d 354, affd. 3 N Y 2d 725). Here, the plaintiff undertook, after repeated urging, not only a laborious task, involving such equipment as a ladder and a saw, but a hazardous one as well. The jury could properly find defendant negligent in exerting an excessive and unnecessary degree of sudden force upon the tree limb and thus causing plaintiff's fall. Whatever his status, plaintiff

had the right to assume that defendant would recognize the perilous position in which plaintiff was placed and, while holding the limb upon which the ladder rested, would employ care consonant with the circumstances and the danger and refrain from action such as would increase the already substantial hazard. Judgment unanimously affirmed, with costs to respondent. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.